[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff commenced the action against the defendant by way of a complaint dated April 3, 2001. The matter thereafter was claimed for a court trial, and a trial was held on November 29, 2001.
The court finds the defendant owes the plaintiff the principal sum of $12,694.00 for construction services that the plaintiff performed at the St. Vincent DePaul Church in East Haven, Connecticut on various dates in the autumn of 1999. The plaintiff performed the aforesaid services at the request of the defendant Charles Coyle. Defendant Charles Coyle contacted the plaintiff and requested that the plaintiff construct a handicap ramp at the aforesaid East Haven location. The final total cost of this construction by the plaintiff was $30,694.00 of which $18,000 has been paid. The defendant, Charles Coyle does not dispute the plaintiffs claim of a balance due, totaling $12,694,00. However, the defendant claims that he has no personal liability or responsibility for this debt, as the plaintiffs agreement was with the corporate entity Coyle, Inc., and not CT Page 2380 with Charles Coyle, individually. Defendant Charles Coyle was the President of Coyle, Inc. According to corporate records maintained by the Connecticut Secretary of State, Coyle, Inc. has not existed as a corporate entity since the 1980s.
The court finds that the defendant continued to hold himself out to the public, plaintiff among them, as Coyle, Inc. even after the dissolution of Coyle, Inc. All written proposals and correspondence from the plaintiff to the defendants were directed to Coyle, Inc. The defendant Charles Coyle responded to these communications and contracted with the plaintiff under the guise of Coyle, Inc. The defendant Charles Coyle never alerted the plaintiff that Coyle, Inc. was not a current corporate entity, or that his present corporate entity is Coyle, Inc. Paving and Excavating. The former corporate entity and defendant Charles Coyle's present corporation both list 2546 State Street, Hamden, Connecticut as their address. All written proposals by the plaintiff to the defendant Charles Coyle were mailed or faxed to Coyle, Inc. at this address and the defendant Charles Coyle continued to respond to the plaintiff. The two payment checks totaling $18,000 which the plaintiff received were paid by checks from Coylecrete, LLC, which defendant Coyle testified was another business run by his son.
The court finds that the defendant Charles Coyle has misled the plaintiff regarding the corporate status of Coyle, Inc. and is now attempting to avoid personal liability for this debt by invoking a corporate shield. The court further finds that the defendant held himself out to the plaintiff at all times as Coyle, Inc. and cannot now seek the protection of a different corporate entity to avoid personal liability for a debt he admits is owed to the plaintiff.
The plaintiff has requested that the court assess interest at 1.5 percent monthly as provided in the written proposals. The plaintiff also requests that the court award it attorney's fees. The court finds that the defendant has not signed the proposal forms at the signature line titled "Acceptance of the Proposal," or anywhere else on the proposal copies. Lacking a signed contract or signed agreement between the parties providing for an award of interest and attorney's fees, the court will not award those items to the plaintiff.
The court hereby finds in favor of the plaintiff as against Charles J. Coyle in his individual capacity for the principal amount of $12,694.00 and costs in the amount of $250.80.
The Court
by Arnold, J. CT Page 2381